ENGARD and Another *v.* FRAZIER.

Action for overflowing the plaintiff's land by the erection and continuing of a mill-dam. Answer, in denial merely. The defendants offered to prove on the trial that the mill and dam were a benefit to the plaintiff and to the public. *Held,* that the evidence was inadmissible.

*Tuesday,
December* 18.

APPEAL from the *Boone* Circuit Court.

DAVISON, J.—The complaint charges *Engard* and *Welch,* the appellants, with having erected and continued a mill-dam, by which the land, springs, &c., of *Frazier* became overflowed to his injury, &c. The answer is a mere denial of the facts alleged in the complaint. Verdict for the plaintiff below. New trial refused, and judgment on the verdict. There is a bill of exceptions, which avers that on the trial of the cause, "the defendants offered to prove that the mill and dam mentioned in the complaint, were a benefit to the plaintiff and a benefit to the public." The Court refused to admit the evidence, and the refusal is assigned for error. The object of the proposed evidence is not stated in the record; but the appellants contend that it was proper and legal for two purposes; first, to contradict the evidence of the appellee, and, secondly, to reduce the damages. No authorities are cited, nor do we know of any, in conflict with the ruling of the Court. The proposed evidence did not relate at all to the overflow of *Frazier's* land. We are unable, therefore, to perceive how it could be regarded a contradiction of his evidence. Its introduction, in our opinion, could have effected only one purpose, viz., the reduction of damages.

Had the appellants themselves, in the first instance, proceeded by writ of assessment of damages, they would have been entitled to no reduction for the benefits which they propose to prove; though such proceeding would be under the sanction of law. 2 R. S., p. 193, s. 711. But here they are wrong-doers, and to admit the evidence would, in effect, decide, that one man may illegally appropriate the property of another, and compel the latter to receive a compensation for the injury, in benefits arising from an

invasion of his rights.  We know of no rule or principle <span>Nov. Term, 1855.</span>
of law that would thus allow a party to profit by his own
wrong.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Wilson* and *I. Naylor*, for the appellants.

*S. C. Willson* and *J. E. McDonald*, for the appellee.

